**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

───────────────────────────────────

BRYANT GIBBS,

                    Plaintiff,

          v.                                                    9:19-CV-281
                                                                 (GTS/DJS)

CHRISTOPHER GADWAY,

                    Defendant.

───────────────────────────────────

APPEARANCES:                              OF COUNSEL:

BRYANT GIBBS
11-R-0220
Plaintiff, *Pro Se*
Five Points Correctional Facility
Caller Box 119
Romulus, New York 14541

HON. LETITIA JAMES                         NICHOLAS L. ZAPP, ESQ.
Attorney General of the State of New York  Assistant Attorney General
Attorney for Defendant
The Capitol
Albany, New York 12224

**DANIEL J. STEWART**
**United States Magistrate Judge**

### REPORT-RECOMMENDATION and ORDER

          Plaintiff, presently an inmate in the custody of the New York State Department

of Corrections and Community Supervision ("DOCCS"), brings this *pro se* action

pursuant to 42 U.S.C. § 1983, alleging the violation of his constitutional rights.  Dkt.

No. 1, Compl.  Following initial review of the Complaint under 28 U.S.C. §§ 1915(e) and 1915A, all claims other than an Eighth Amendment excessive force claim against Defendant Gadway were dismissed.  Dkt. No. 7.  In lieu of answering the Complaint, Defendant has moved for summary judgment based on Plaintiff's alleged failure to exhaust his administrative remedies.  Dkt. No. 14.  Plaintiff opposes the Motion.  Dkt. No. 17 ("Pl.'s Opp.").  Defendant has filed a Reply.  Dkt. No. 18.  For the reasons which follow, the Court recommends that the Motion for Summary Judgment be granted.

## I. BACKGROUND

Plaintiff alleges that he was assaulted by Defendant Gadway in June 2016.  Compl. at p. 2.  That same month Plaintiff filed an administrative grievance making this same allegation.  Dkt. No. 14-3, Declaration of Christine Gregory ("Gregory Decl.") at Ex. B.  Given that the grievance concerned alleged staff misconduct the grievance was forwarded directly to the facility Superintendent.  Gregory Decl. at ¶ 12.  On July 16, 2016, the Superintendent responded to the grievance.  *Id.* at ¶ 12 & Ex. C.  Plaintiff alleges that he then appealed the Superintendent's determination to DOCCS' Central Office Review Committee.  Pl.'s Opp. at pp. 4-5.  DOCCS has no record of any such appeal.  Gregory Decl. at ¶ 15; Dkt. No. 14-4, Declaration of Rachael Seguin ("Seguin Decl."), ¶ 9 & Ex. A.

2

## II.  LEGAL STANDARD FOR SUMMARY JUDGMENT

Pursuant to FED. R. CIV. P. 56(a), summary judgment is appropriate only where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  The moving party bears the burden to demonstrate through "pleadings, depositions, answers to interrogatories, and admissions on file, together with [ ] affidavits, if any," that there is no genuine issue of material fact.  *F.D.I.C. v. Giammettei*, 34 F.3d 51, 54 (2d Cir. 1994) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)).

To defeat a motion for summary judgment, the non-movant must set out specific facts showing that there is a genuine issue for trial and cannot rest merely on allegations or denials of the facts submitted by the movant.  FED. R. CIV. P. 56(c); *see also Scott v. Coughlin*, 344 F.3d 282, 287 (2d Cir. 2003) ("Conclusory allegations or denials are ordinarily not sufficient to defeat a motion for summary judgment when the moving party has set out a documentary case."); *Rexnord Holdings, Inc. v. Bidermann*, 21 F.3d 522, 525-26 (2d Cir. 1994).  To that end, sworn statements are "more than mere conclusory allegations subject to disregard . . . they are specific and detailed allegations of fact, made under penalty of perjury, and should be treated as evidence in deciding a summary judgment motion" and the credibility of such statements is better left to a trier of fact.  *Scott v. Coughlin,* 344 F.3d at 289 (citing *Flaherty v. Coughlin*, 713 F.2d 10, 13 (2d Cir. 1983) and *Colon v. Coughlin*, 58 F.3d 865, 872 (2d Cir. 1995)).

3

When considering a motion for summary judgment, the court must resolve all ambiguities and draw all reasonable inferences in favor of the non-movant. *Nora Beverages, Inc. v. Perrier Group of Am., Inc.*, 164 F.3d 736, 742 (2d Cir. 1998). "[T]he trial court's task at the summary judgment motion stage of the litigation is carefully limited to discerning whether there are any genuine issues of material fact to be tried, not to deciding them. Its duty, in short, is confined at this point to issue-finding; it does not extend to issue-resolution." *Gallo v. Prudential Residential Servs., Ltd. P'ship*, 22 F.3d 1219, 1224 (2d Cir. 1994). Furthermore, where a party is proceeding *pro se*, the court must "read [his or her] supporting papers liberally, and . . . interpret them to raise the strongest arguments that they suggest." *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994); *see also Soto v. Walker*, 44 F.3d 169, 173 (2d Cir. 1995). Nonetheless, summary judgment is appropriate "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

### III. DISCUSSION

Defendant seeks summary judgment on the ground that Plaintiff failed to exhaust his available administrative remedies by failing to appeal the facility-level denial of his grievance. Dkt. No. 14-1, Def.'s Mem. of Law at pp. 6-7. Plaintiff counters that he attempted to exhaust his administrative remedies and that, even if he did not, he should be excused from the exhaustion requirement. Pl.'s Opp. at pp. 4-5.

**A. Exhaustion Procedure**

The Prison Litigation Reform Act ("PLRA") provides, in pertinent part, that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The Supreme Court has held that "the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002) (citation omitted). Exhaustion in prisoner cases covered by § 1997e(a) is mandatory. *Id.* at 524; *Ross v. Blake*, 136 S. Ct. 1850, 1856 (2016) (stating that the mandatory language of § 1997e(a) forecloses judicial discretion to craft exceptions to the requirement). Furthermore, § 1997e(a) requires "proper exhaustion," which means using all steps of the administrative process and complying with "deadlines and other critical procedural rules." *Woodford v. Ngo*, 548 U.S. 81, 93 (2006). The defendant bears the burden of proving that the administrative remedies available to the plaintiff were not exhausted prior to the initiation of a civil action. *Howard v. Goord*, 1999 WL 1288679, at \*3 (E.D.N.Y. Dec. 28, 1999).

In New York, the administrative remedies consist of a three-step Inmate Grievance Program ("IGP"). First, a grievance is submitted to the Inmate Grievance

Resolution Committee ("IGRC"), a committee comprised of both inmates and facility employees. N.Y. COMP. CODES R. & REGS. tit. 7, § 701.5(b). An inmate must submit a grievance "within 21 calendar days of the alleged occurrence." *Id.* at § 701.5(a). An inmate may request an extension of the time limit within forty-five days of the date of the alleged occurrence. *Id.* at § 701.6(g). The IGRC reviews and investigates the formal complaint and then issues a written determination. *Id.* at § 701.5(b). Second, upon appeal of the IGRC decision, the superintendent of the facility reviews the IGRC's determination and issues a decision. *Id.* at § 701.5(c). Finally, upon appeal of the superintendent's decision, the Central Office Review Committee ("CORC") makes the final administrative determination. *Id.* at § 701.5(d). Only upon exhaustion of all three levels of review may a prisoner seek relief in federal court. *Bridgeforth v. Bartlett*, 686 F. Supp. 2d 238, 239 (W.D.N.Y. 2010) (citing, *inter alia*, *Porter v. Nussle*, 534 U.S. at 524); *see also Neal v. Goord*, 267 F.3d 116, 121 (2d Cir. 2001), *overruled on other grounds by Porter v. Nussle*, 534 U.S. 516.

An expedited procedure exists for grievances regarding alleged harassment; this procedure also requires the grievant receive a response from CORC in order to exhaust. 7 N.Y.C.R.R. § 701.8. Pursuant to this expedited procedure, the inmate may first report the incident to the employee's immediate supervisor. *Id.* at § 701.8(a). The inmate's allegations are then given a grievance number and the superintendent (or his designee)

6

must promptly decide whether the grievance, if true, would represent a bona fide case of harassment. *Id.* at §§ 701.8(b) & (c).

### B. Plaintiff's Failure to Exhaust Administrative Remedies

#### 1. Whether Plaintiff Actually Filed a Grievance

The record before the Court establishes that while DOCCS has a record of Plaintiff's initial grievance, there is no record of any appeal of the decision on that grievance to CORC. Gregory Decl. at ¶ 15; Seguin Decl., ¶ 9 & Ex. A. "Included within the IGP's exhaustion requirement is the prerequisite that the inmate file an appeal with CORC and receive a response from CORC prior to filing a federal lawsuit." *White v. Drake*, 2011 WL 4478988, at *3 (N.D.N.Y. Aug. 11, 2011), *report and recommendation adopted*, 2011 WL 4478921 (N.D.N.Y. Sept. 26, 2011); *see also Berkley v. Ware*, 2018 WL 3736791, at *5 (N.D.N.Y. July 6, 2018), *report and recommendation adopted*, 2018 WL 3730173 (N.D.N.Y. Aug. 6, 2018) (citing cases).

Plaintiff makes a purely conclusory allegation that he appealed the grievance denial to CORC. Pl.'s Opp. at p. 4 ("Plaintiff appealed to the CORC").[1] Significantly, Plaintiff has not provided a copy of the grievance appeal or even asserted on what date he filed the appeal. *Gough v. Morris*, 2018 WL 7199494, at *3 (N.D.N.Y. Dec. 14,

---

[1] Plaintiff did not submit a sworn statement attesting to the fact that he filed an appeal. Nor did he file a response to Defendant's Statement of Material Facts. Although a *pro se* litigant is entitled to a liberal construction of his filings, *see Sykes v. Bank of America*, 723 F.3d 399, 403 (2d Cir. 2013), his *pro se* status does not relieve him of his obligation to comply with the relevant procedural rules, *see Marino v. Watts*, 2018 WL 3121612, at *1 (N.D.N.Y. Mar. 7, 2018), *report and recommendation adopted sub nom. Marino v. Schult*, 2018 WL 1578163 (N.D.N.Y. Mar. 30, 2018), *aff'd*, 764 Fed. Appx. 73 (2d Cir. 2019). The Court therefore will deem the facts as set forth in Defendant's Statement of Material Facts admitted, to the extent they are properly supported by the record.

2018), *report and recommendation adopted*, 2019 WL 416150 (N.D.N.Y. Feb. 1, 2019) ("there is no evidence in Plaintiff's opposition, or any other submission, of . . . Plaintiff's alleged appeal to CORC."). In light of the documented proof that no such appeal was filed, such a conclusory statement is insufficient to create a material question of fact on this Motion. *Toliver v. Stefinik*, 2016 WL 3349316, at \*6 (N.D.N.Y. June 15, 2016); *Richardson v. Eberth*, 2016 WL 1271078, at \*4 (W.D.N.Y. Mar. 29, 2016).

Under these circumstances, the record before the Court establishes that Plaintiff did not fully appeal his grievance regarding the alleged assault by Gadway. He, therefore, did not exhaust his administrative remedies.

### *2. Whether Plaintiff's Failure to Exhaust Administrative Remedies May be Excused*

A prisoner's failure to exhaust administrative remedies may nonetheless be excused if remedies were unavailable to the inmate. *Ross v. Blake*, 136 S. Ct. at 1858. As the Supreme Court stated in *Ross*, "[a]n inmate . . . must exhaust available remedies, but need not exhaust unavailable ones." *Id.* The Court provided three potential circumstances in which administrative remedies may be unavailable: (1) where the administrative procedure technically exists but operates as a "dead end – with officers unable or consistently unwilling to provide any relief to aggrieved inmates"; (2) where the administrative scheme is "so opaque that it becomes, practically speaking, incapable of use"; and (3) where prison administrators "thwart inmates from taking advantage of

8

a grievance process through machination, misrepresentation, or intimidation." *Id.* at 1859-60.

Plaintiff appears to make two arguments for finding that administrative remedies were unavailable to him: the lack of guidance in DOCCS' grievance procedure and alleged threats made against him. Pl.'s Opp. at p. 5. Neither is sufficient to defeat the pending Motion.

Plaintiff first claims that when he became aware that the appeal he claims to have filed was never received by CORC he looked to DOCCS's grievance procedure "for guidance on what to do . . . and found no guidance whatsoever on what the next step would be." Pl.'s Opp. at p. 5. Relying on *Williams v. Priatno*, 829 F.3d 118 (2d Cir. 2016), he contends he should be excused from the exhaustion requirement. *See* Pl.'s Opp. at p. 3.

At the outset, this case presents a readily distinguishable fact pattern from that which the Second Circuit was confronted with in *Williams*. In that case, the District Court had dismissed the complaint based on lack of exhaustion because Plaintiff had not administratively appealed his grievance, even though the grievance had never been officially filed by DOCCS personnel at the correctional facility. *Williams v. Priatno*, 829 F.3d at 121. The Second Circuit reversed, finding that DOCCS' grievance procedures "do not describe a mechanism for appealing a grievance that was never filed." *Id.* at 126. On the contrary here, there is no dispute that Plaintiff filed a grievance

9

at the facility and that he received a response. Gregory Decl., Exs. B & C. It is also clear that DOCCS regulations specifically address what should have been done in a situation such as this when an appeal has allegedly been filed, but not responded to. Specifically, the applicable regulation provides that "[i]f a grievant does not receive a copy of the written notice of receipt within 45 days of filing an appeal, the grievant should contact the IGP supervisor in writing to confirm that the appeal was filed and transmitted to CORC." 7 N.Y.C.R.R. § 701.5(d)(3)(i). This provision provided specific guidance to Plaintiff on how to proceed - when he did not receive notice that his appeal had been received by CORC he should have contacted the facility inmate grievance staff to verify that his appeal had been received and processed. There is no evidence that Plaintiff did so here and his failure cannot provide the basis for excusing him from the exhaustion requirement. This is not a situation, as in *Williams*, where the procedure was "so opaque and confusing" that the Plaintiff could have not understood how to proceed. *Williams v. Prianto*, 829 F.3d at 126.

Finding Plaintiff's claims unexhausted is consistent with the decision in *Gizewski v. New York State Dep't of Corr. and Cmty. Supervision* which found that an inmate's claim is not exhausted if he fails to avail himself of the procedure in section 701.5(d)(3)(i). 2016 WL 3661434, at *13 (N.D.N.Y. July 5, 2016). In *Gizewski*, the record established that the plaintiff had filed an administrative appeal, but DOCCS personnel had failed to timely forward it to CORC. *Id.* at *3. Plaintiff then filed his

federal lawsuit before receiving a decision on the appeal from CORC. *Id.* at \*13. The Court acknowledged DOCCS' failure to properly process the appeal, but nonetheless granted judgment to defendants in part because "Plaintiff [wa]s also at fault for not taking any further action" pursuant to section 701.5. *Id.* Plaintiff here has a less compelling case than in *Gizewski* since there is no admissible evidence that he ever, in fact, filed an appeal to CORC.

Plaintiff also claims that he was threatened and retaliated against by Defendant. Pl.'s Opp. at p. 5. Under *Ross*, threats or other intimidation by prison employees may render administrative remedies unavailable. *Ross v. Blake*, 136 S. Ct. at 1860, n.3. Plaintiff's allegations are entirely conclusory, however. Plaintiff's Complaint claimed he was threatened only *after* filing the grievance, Compl. at p. 1, and he makes no claim that this alleged threat impacted his ability to appeal the grievance. *McGinnis v. Crissell*, 2019 WL 4395410, at \*6 (N.D.N.Y. Apr. 26, 2019), *report and recommendation adopted*, 2019 WL 3228867 (N.D.N.Y. July 18, 2019) (citing cases). There is no specific allegation made by Plaintiff at all that any retaliatory action was ever taken against him as a result of filing the grievance. Such "general and conclusory statements that he was threatened are insufficient to raise a triable issue of fact as to the unavailability of the grievance procedure because of intimidation by prison administrators." *Lewis v. Wasielewski*, 2018 WL 4732755, at \*6 (W.D.N.Y. July 10, 2018), *report and recommendation adopted*, 2018 WL 4692476 (W.D.N.Y. Oct. 1,

2018) (citing cases). Plaintiff's conclusory claims, therefore, are no basis for denying summary judgment.

To the extent Plaintiff attempts to argue that his grievance appeal may have been tampered with, Pl.'s Opp. at p. 5 ("Once [inmate mail] is picked up plaintiff no longer has any control over what happens to that piece of mail."), his conclusory allegation in this regard is not sufficient to defeat summary judgment. "Courts have consistently held [ ] that an inmate's general claim that his grievance was lost or destroyed does not excuse the exhaustion requirement." *Rosado v. Fessetto*, 2010 WL 3808813, at *7 (N.D.N.Y. Aug. 4, 2010); *see also Rodriguez v. Cross*, 2017 WL 2791063, at *7 (N.D.N.Y. May 9, 2017) ("Courts in this Circuit have continuously held that mere contentions or speculation of grievances being misplaced by officers do not create a genuine issue of material fact when there is no evidence to support the allegations."); *Artis v. Dishaw*, 2016 WL 11266599, n.13 (N.D.N.Y. Sept. 12, 2016) (finding that plaintiff's failure to exhaust was not excusable, in part because, while the plaintiff "state[d] that some grievances were destroyed, but he has not submitted any copies of these grievances, nor does he specify when he attempted to file them.").

Accordingly, the Court finds that Plaintiff has not established an issue of material fact as to the availability of administrative remedies. The Court therefore recommends that Defendants' Motion be **granted** based upon Plaintiff's failure to exhaust.

## IV. CONCLUSION

For the reasons stated herein, it is hereby

**RECOMMENDED**, that Defendant's Motion for Summary Judgment (Dkt. No. 14) be **GRANTED**; and it is further

**RECOMMENDED**, that the Complaint be **DISMISSED**; and it is

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW**. *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); see also 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

Date:  October 15, 2019
       Albany, New York


Daniel J. Stewart
U.S. Magistrate Judge