UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

BRYANT GIBBS,

                                          Plaintiff,

v.                                                          9:19-CV-0281
                                                          (GTS/DJS)

CHRISTOPHER L. GADWAY, Corr. Officer,
Clinton Corr. Fac.,

                                          Defendant.
_____

APPEARANCES:                                                          OF COUNSEL:

BRYANT GIBBS, 11-R-0220
  Plaintiff, *Pro Se*
Five Points Correctional Facility
Caller Box 119
Romulus, New York 14541

HON. LETITIA A. JAMES                                     NICHOLAS LUKE ZAPP, ESQ.
Attorney General for the State of New York          Assistant Attorney General
  Counsel for Defendant
The Capitol
Albany, New York 12224

GLENN T. SUDDABY, Chief United States District Judge

## DECISION and ORDER

       Currently before the Court, in this *pro se* prisoner civil rights action filed by Bryant Gibbs ("Plaintiff") against Christopher L. Gadway, a corrections officer at Clinton Correctional Facility ("Defendant"), are (1) United States Magistrate Judge Daniel J. Stewart's Report-Recommendation recommending that Defendant's motion for summary judgment be granted, and (2) Plaintiff's Objection thereto. (Dkt. Nos. 19, 22.) For the reasons set forth below, the Report-Recommendation is accepted and adopted in its entirety, and Defendant's motion is granted.

As a threshold matter, the Court finds that Plaintiff's Objection is untimely. Although the Objection is undated (Dkt. No. 22, at 20), its envelope is post-marked November 5, 2019 (Dkt. No. 22, Attach. 1, at 1). Even if the Court were to assume that Plaintiff handed the envelope to correctional officer for mailing before November 5, 2019, he could not have done so before November 2, 2019, which is the date on which he had an enclosed affidavit and affirmative of service notarized (Dkt. No. 22, at 24, 26). The deadline for Plaintiff's Objection to the Report-Recommendation (which was mailed to him on October 15, 2019), was November 1, 2019.[1] As a result, no timely Objection has been filed to the Report-Recommendation; and the Objection is thus entitled to merely a clear-error review,[2] which the Court finds it easily satisfies for the cogent reasons stated therein (*see generally* Dkt. No. 19).

In any event, even if the Court were to accept Plaintiff's untimely Objection, the Court would still accept and adopt the Report-Recommendation. The thrust of Plaintiff's Objection is an attempt to adduce evidence (specifically, sworn testimony and a letter) showing that he had

---

[1] Under the applicable rules, the time period for the filing of an Objection is fourteen (14) calendar days from the date of filing of the Report-Recommendation (unless the fourteenth day is a Saturday, Sunday, or legal holiday, in which case the period continues to run until then end of the next day that is not a Saturday, Sunday, or legal holiday), plus three (3) calendar days if the Report-Recommendation was served on the objecting party by mail. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); N.D.N.Y. L.R. 72.1(c); Fed. R. Civ. P. 6(a)(1)(C); Fed. R. Civ. P. 6(d).

[2] "When no timely objection [to a recommendation] is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition. When performing such a "clear error" review, the court is permitted to adopt the sections reviewed "so long as those sections are not facially erroneous." *See Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) ("I am permitted to adopt those sections of [a magistrate judge's] report to which no specific objection is made, so long as those sections are not facially erroneous.").

submitted to the Central Office Review Committee (or "CORC") a timely appeal from the superintendent's denial of his grievance. (*See, e.g.,* Dkt. No. 22, at 21-24 [containing Plf.'s Affidavit]; Dkt. No. 22, at 25 [containing a letter from Plaintiff to CORC]; Dkt. No. 22, at 1-20 [containing Plf.'s verified Objections].) However, none of this evidence was submitted to Magistrate Judge Stewart. (*Compare id. with* Dkt. No. 17 [Plf.'s Response to Def.'s Motion for Summary Judgment].) This failure is inexcusable given the specific notice that Plaintiff was *twice* given of the consequences of evidentiary deficiencies in his response to Defendant's motion. (Dkt. No. 14, at 3; Dkt. No. 15.) A district court may, and ordinarily does, refuse to consider evidentiary material that could have been, but was not, presented to the magistrate judge in the first instance.[3] Although Plaintiff asserts that "[i]t wasn't until recently that [he] . . . found a copy of the . . . letter that he . . . [had] written to the Central Office Review Committee" (Dkt. No. 22, at 14), he makes no showing that his failure to discover the letter sooner occurred despite his exercise of due diligence. Moreover, he does not even attempt to excuse his failure to submit his sworn testimony to Magistrate Judge Stewart. Under the circumstances, the Court finds that considering Plaintiff's late-blossoming evidence would frustrate the purpose of the Federal

---

[3] *See Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137-38 (2d Cir. 1994) ("In objecting to a magistrate's report before the district court, a party has no right to present further testimony when it offers no justification for not offering the testimony at the hearing before the magistrate.") [internal quotation marks and citations omitted]; *Pan Am. World Airways, Inc. v. Int'l Bhd. of Teamsters*, 894 F.2d 36, 40, n.3 (2d Cir. 1990) (finding that district court did not abuse its discretion in denying plaintiff's request to present additional testimony where plaintiff "offered no justification for not offering the testimony at the hearing before the magistrate"); *cf. U. S. v. Raddatz*, 447 U.S. 667, 676, n.3 (1980) ("We conclude that to construe § 636(b)(1) to require the district court to conduct a second hearing whenever either party objected to the magistrate's credibility findings would largely frustrate the plain objective of Congress to alleviate the increasing congestion of litigation in the district courts."); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition ("The term 'de novo' does not indicate that a secondary evidentiary hearing is required.").

Magistrates Act of 1968.

Finally, even if the Court were to consider this late-blossoming evidence, the Court would be forced to reject it. Ordinarily, of course, a district court may not make credibility determinations on a motion for summary judgment. However, that general rule contains an exception: where, as here, the non-movant has adduced evidence that is so internally contradictory that no reasonable juror would undertake the suspension of disbelief necessary to credit the non-movant's allegations. *See Jeffreys v. City of New York*, 426 F.3d 549, 554-55 (2d Cir. 2005) (setting forth applicable standard for when to disregard testimony on motion for summary judgment). In such a circumstance, the district court *must* make a credibility determination because the very act of considering the portion of evidence that would create a genuine dispute of material fact would constitute a rejection of the contradictory evidence as not credible. Here, the facts are analogous to the extreme facts present in *Jeffreys*. Plaintiff has adduced evidence that purports to show both (1) that immediately *after* the superintendent's denial of his grievance on July 16, 2016, Plaintiff filed an appeal with CORC (Dkt. No. 22, at 3, 22), and (2) "over two months" *before* July 16, 2016, Plaintiff filed his appeal with CORC, then (approximately a month later) sent a letter complaining about its non-response to his appeal, and then (on July 16, 2016) sent a second such letter (Dkt. No. 22, at 25). It is undisputed that Plaintiff filed his grievance on June 13, 2016. (Dkt. No. 14, Attach. 2, at ¶ 17.) It is also undisputed that the superintendent denied that grievance on July 16, 2016. (*Id*. at ¶ 19.) It is simply impossible that Plaintiff appealed that denial two months *before* July 16, 2016 (or on or about May 16, 2016).

For each of these three alternative reasons, the Court rejects Plaintiff's Objection and

accepts and adopts Magistrate Judge Stewart's Report-Recommendation.

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Stewart's Report-Recommendation (Dkt. No. 19) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that Defendant's motion for summary judgment (Dkt. No. 14) is **GRANTED**; and it is further

**ORDERED** that Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED**.

Dated: March 13, 2020
       Syracuse, New York

Hon. Glenn T. Suddaby
Chief U.S. District Judge